UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES E. SMITH,<br><br>         Petitioner,<br><br>    v.<br><br>TIMOTHY WENGLER, Warden,<br><br>         Respondent. | Case No. 1:12-cv-00539-CWD<br><br>**INITIAL REVIEW ORDER** |

Idaho state prisoner Charles E. Smith has filed a Petition for Writ of Habeas Corpus in this Court, which the Clerk has filed conditionally pending the Court's initial review. (Dkt. 4.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

## BACKGROUND

After a jury trial in state district court, Petitioner was found guilty of one count of felony DUI, one count of driving without privileges, and one count of being a persistent violator of the law. (Petition, Dkt. 3, p. 1.) The state district court sentenced him to an aggregate term of 20 years in prison, with the first six years fixed, but later reduced the

**INITIAL REVIEW ORDER - 1**

fixed portion of the prison term to five years.  (*Id*. at 3.)

On direct appeal, Petitioner raised several claims challenging his convictions and the legality of his sentences. (Dkt. 3, p. 14.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case. (Dkt. 1, p. 3.)

Petitioner next filed a motion to correct an illegal sentence, in which he argued that he was twice been placed in jeopardy in violation of the Fifth Amendment. (Dkt.  3, p. 14.) The state district court denied relief, the Idaho Court of Appeals affirmed that decision, and Petitioner's petition for review in the Idaho Supreme court was denied. (*Id*.

On June 19, 2012, Petitioner submitted an application for post-conviction relief in state court, though he has not specified the claims raised.  (Dkt.  3, p.  14.) That action remains pending, with a hearing currently scheduled for June 6, 2013.[1]

Petitioner presents two claims in his Petition for Writ of Habeas Corpus filed in this Court, both of which implicate the Double Jeopardy Clause of the Fifth Amendment. Specifically, he claims (1) that he has been subjected to multiple punishments for the same offense, and (2) that he has been subjected to multiple prosecutions for the same offense.  (Dkt.  3, pp.  2-13.) These claims involve the application of Idaho statutes governing the charging and sentencing of repeat DUI offenders.

## REVIEW OF THE PETITION

Federal courts may entertain an application for a writ of habeas corpus "in behalf

---

[1] The Court takes judicial notice of the register of actions in *Smith v. State*, Ada County Case No. CV-PC 2012-11044. *See* www.idcourts.us/repository.

**INITIAL REVIEW ORDER - 2**

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court has reviewed the Petition and finds that Petitioner has alleged that he is in custody in violation of the Constitution. The Petition will not be dismissed at this time. Because Petitioner is currently pursuing post-conviction relief in the state court, however, this Court finds good cause to await the conclusion of the state proceeding before going forward with the federal matter. *See Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner may either receive all the relief that he seeks in state court, mooting the federal case, or he may exhaust his state court remedies.

Accordingly, the Court will stay this case pending completion of the state post-conviction action in *Smith v. State*, Ada County Case No. CV-PC 2012-11044. Should Petitioner be unsuccessful, he shall notify the Court within 21 days of the Idaho Supreme Court's remittitur on appeal from any adverse decision.

This case also will be administratively terminated. Administrative termination is for internal court purposes only and shall not affect Petitioner's rights. The original filing date shall be preserved, and Petitioner may file a motion to reopen and continue after his state post-conviction appeal has finally concluded.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for In Forma Pauperis Status (Docket No. 1) is

**INITIAL REVIEW ORDER - 3**

        GRANTED.

2.     This case shall be STAYED pending completion of Petitioner's post-conviction action in *Smith v. State*, Ada County Case No. CV-PC 2012-11044. If Petitioner does not receive relief in state court, he shall file a motion to reopen and continue within twenty-one (21) days of the issuance of the remittitur on appeal, or whenever the matter is otherwise completed in state court.

3.     The Clerk of Court shall administratively terminate this case.



DATED: March 29, 2013

Honorable Candy W. Dale
United States Magistrate Judge