UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES E. SMITH,<br><br>               Petitioner,<br><br>vs.<br><br>RANDY BLADES, Warden,<br><br>               Respondent. | Case No. 1:12-cv-00539-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court recently provided Petitioner Charles E. Smith with additional state court records that he requested and permitted Petitioner to file a supplemental reply, if necessary. (Dkt. 42.) Petitioner has filed nothing further. Therefore, the Court considers the Amended Petition for Writ of Habeas Corpus fully briefed and ripe for adjudication. (Dkt. 22, 34, 35.) Having reviewed the record in this matter, including the state court record, and having considered the arguments of the parties, the Court enters the following Order denying the Petition and dismissing this action with prejudice.

## BACKGROUND

After a jury trial, Petitioner's judgment of conviction for driving under the influence (DUI) was entered on December 4, 2007, in the Fourth Judicial District Court in Ada County, Idaho.[1] Because the action was bifurcated and Petitioner waived his right

---

[1] An amended judgment was entered on August 13, 2008.

**MEMORANDUM DECISION AND ORDER - 1**

to a jury in the second proceeding, the Honorable Deborah Bail was the factfinder in the matter and found him guilty of having been convicted of a prior DUI charge, which elevated the current charge from a misdemeanor to a felony. In addition, Judge Bail found him to be a persistent violator. (State's Lodging A-1, pp. 86-87; see State's Lodging B-19, p. 2.)

After conviction, Petitioner's counsel filed a direct appeal brief for Petitioner. However, because Petitioner was dissatisfied with the content, the Idaho Court of Appeals permitted counsel to withdraw and Petitioner to file a supplemental pro se brief. (State's Lodgings B-6 to B-19.) The direct appeal ultimately was unsuccessful.

Petitioner next filed a Rule 35 motion to correct an illegal sentence, raising a double jeopardy argument; the motion was denied by the state district court. (State's Lodging C-1.) Petitioner filed an appeal, which was unsuccessful. (State's Lodgings D-1 through D-9.)

Petitioner filed a post-conviction petition raising a second double jeopardy argument. The state district court denied the petition. (State's Lodgings E-1, E-2.) That claim also was rejected by the Idaho Court of Appeals. (State's Lodgings F-1 through F-17.)

In this action, Petitioner filed his Petition for Writ of Habeas Corpus on October 26, 2012, followed by an Amended Petition on November 24, 2014. He brings two related double jeopardy claims, which the Court will now address.

**MEMORANDUM DECISION AND ORDER - 2**

**STANDARD OF LAW**

Where the petitioner challenges a state court judgment in which the petitioner's federal claims were adjudicated on the merits, Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies. Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

The Double Jeopardy Clause of the Fifth Amendment includes three basic protections: it protects a defendant from (1) "a second prosecution for the same offense

**MEMORANDUM DECISION AND ORDER - 3**

after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). This case involves the third protection—Plaintiff claims that only one enhancement should have been applied.

The protection against cumulative punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson*, 467 U.S. at 499. Thus, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The Double Jeopardy Clause is not implicated if the legislature *intended* to impose multiple or cumulative punishments. *Id.* at 367-68.

## DISCUSSION

**1.    Claim One – Application of Two Penalty Enhancements**

Petitioner alleges that his conviction and sentence violate the Double Jeopardy Clause because I.C. § 18-8005(7) is an enhancement provision, like the persistent violator enhancement in I.C. § 19-2514, that "authorizes increased punishment based entirely upon the premise of prior [DUI] convictions." (Dkt. 22, pp. 4-6.)

The Idaho Court of Appeals rejected this argument on appeal from the denial of the Rule 35 motion. The court explained that I.C. § 18-8005(7) is a charging enhancement (even though it is termed a "penalty" in the statute heading), while I.C. § 19-2514 is a sentencing enhancement. The charging enhancement provides for an additional element of the crime—commission of another felony DUI within the past 15

**MEMORANDUM DECISION AND ORDER - 4**

years—which serves to elevate the crime from a misdemeanor to a felony. As a result, "the crimes of felony DUI and misdemeanor DUI are separate substantive crimes that have some elements in common," the Court of Appeals explained. (State's Lodging D-5, p. 4.)

A sentencing enhancement, on the other hand, authorizes an increased penalty under certain circumstances, "but it does not create a separate substantive crime." (State's Lodging D-5, pp. 3-4.)

The Idaho Court of Appeals also explained that the legislature had two different purposes for the enhancements. Section 18-8005(7) removes repeat DUI offenders from the roadways and deters other potential multiple DUI offenders. On the other hand, the purpose of section 19-2514 is "deterring felony recidivism by subjecting recidivists to more severe punishment than a first-time offender would be." (State's Lodging D-4, p. 4-5.) Importantly, the Court of Appeals noted that "neither section contains language that would limit the application of both the charging enhancement and the sentencing enhancement. (*Id*.)

This Court concludes that the Idaho Court of Appeals' opinion is not contrary to, or an unreasonable application of, United States Supreme Court precedent governing the interpretation of the Double Jeopardy Clause. It is clear that the charging enhancement is for committing two felony DUI infractions, while the sentencing enhancement is for committing three felonies (of any nature). There is no United State Supreme Court precedent forbidding application of two different enhancements to the same criminal act.

As to sentencing enhancements, the United States Supreme Court explained:

**MEMORANDUM DECISION AND ORDER - 5**

> Historically, we have found double jeopardy protections inapplicable to sentencing proceedings, *see Bullington*, 451 U.S., at 438, 101 S.Ct., at 1857-1858, because the determinations at issue do not place a defendant in jeopardy for an "offense," *see, e.g., Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994) (noting that repeat-offender laws "'penaliz[e] only the last offense committed by the defendant'"). Nor have sentence enhancements been construed as additional punishment for the previous offense; rather, they act to increase a sentence "because of the manner in which [the defendant] committed the crime of conviction." *United States v. Watts*, 519 U.S. 148, 154, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997) (per curiam); *see also Witte v. United States*, 515 U.S. 389, 398-399, 115 S.Ct. 2199, 2205-2206, 132 L.Ed.2d 351 (1995). An enhanced sentence imposed on a persistent offender thus "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes" but as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); *cf. Moore v. Missouri*, 159 U.S. 673, 678, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895) ("[T]he State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence").

*Monge v. California*, 524 U.S. 721, 728 (1998).[2] *Accord, Witte v. United States*, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, the Court has rejected double jeopardy challenges.").

Based on this reasoning, the sentencing enhancement does not place Petitioner in jeopardy at all, nor is it an additional punishment, because it merely provides for a greater

---

[2] *Monge* was altered by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the extent that the United States Supreme Court held that, in a circumstance where a fact enhances the sentence above the statutory maximum not proven in the original prosecution, the Sixth and Fourteenth Amendments require that the fact be submitted to jury and proved beyond reasonable doubt. *Id*. In Petitioner's case, *Apprendi* (not a double jeopardy case) was applied by the state district court to require the factfinder (Petitioner waived a jury trial) to find the added elements to meet the enhancements. The state court conclusions in Petitioner's case are not contrary to either *Monge* (a Fifth Amendment double jeopardy case) or *Apprendi* (a Fourteenth Amendment due process and Sixth Amendment right to a fair trial case). *See Apprendi*, 530 U.S. at 488 n. 14 (explaining interplay of *Monge* and *Apprendi*).

**MEMORANDUM DECISION AND ORDER - 6**

penalty for the third felony crime. Thus, Petitioner is left to argue that the charging enhancement is double jeopardy because he was already charged and penalized for the prior DUI, which is his second claim.

## 2.     Claim Two – Two Guilt Findings or Two Punishments for the Earlier Crime

Plaintiff asserts that he was subjected to a second prosecution for the same offense, when, in his bifurcated trial on the second DUI, the jury first found that he was guilty of the current misdemeanor DUI charge, and next the court found he had previously been convicted of a felony DUI, which elevated the current misdemeanor DUI to the level of a felony. (Dkt. 22, p. 10; State's Lodging F-13, p.4.)

The Idaho Court of Appeals rejected Petitioner's argument, explaining that he "was not actually prosecuted for two offenses. He was charged and tried only for felony DUI." (State's Lodging F-13, p.5.) Petitioner cannot take advantage of the fact that, for his own benefit, the trial on the felony DUI charge "was separated into two parts, with the jury first being asked to determine whether the State had proven the elements of misdemeanor DUI, and upon the jury making a finding favorable to the State, the trial continued on the further element of prior DUI convictions." (State's Lodging F-13, p.5.) This procedure did not constitute separate prosecutions for the same offense, as Petitioner argues. Rather, it was "a single trial, separated into two parts." (State's Lodging F-13, p.5.)

Petitioner's argument also falls short because it is unsupported by United States Supreme Court precedent. In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court was required to determine whether the same offense, charged under two

**MEMORANDUM DECISION AND ORDER - 7**

federal statutes, amounted to a constitutional violation. The Court held that multiple punishments cannot be imposed for two offenses arising out of the same criminal transaction unless each offense requires proof of a fact which the other does not. Courts have "consistently relied on [this rule] ever since to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively. *Whalen v. United States*, 445 U.S. 684, 691 (1980).

If Congress' intent is clearly to punish twice, then the *Blockburger* rule does not apply to prevent that outcome. *Id*. at 691-94. In *Whalen*, the Court emphasized that the legislature is "clearly free to fashion exceptions to the [*Blockburger*] rule," but a "court, just as clearly, is not." *Id*. at 695.

A federal court is bound by a state court's construction of the statute, and can review the determination only to ensure that it constitutional. *Missouri v. Hunter*, 459 U.S. 359, 367 (1983). For example, recognizing that the task of "preventing and dealing with crime is much more the business of the States than it is of the Federal Government," the United States Supreme Court warned that federal courts "should not lightly construe the Constitution so as to intrude upon the administration of justice by the individual States." *Patterson v. New York*, 432 U.S. 197, 201 (1977) (citations omitted). "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475 (1992).

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner has not met the *Blockburger* test because his second offense required the additional element of commission of a prior offense. The Idaho legislature intended to provide for an enhancement of the charges when one reaches his or her second felony DUI charge, because that is clear from the face of the statute—which provides for different treatment of first, second, and third charges. In addition, there is no legislative intent prohibiting application of both enhancements, and the purpose of each enhancement is different. Therefore, habeas corpus relief is not warranted under any double jeopardy theory (being punished for two enhancements, twice punished for the earlier DUI charge, or punished in each phase of a two-part trial) because there is no United States Supreme Court precedent supporting Petitioner's arguments.

## CONCLUSION

Petitioner's claims fail under any Double Jeopardy Clause theory. The Idaho Court of Appeals' decisions on Petitioner's claim is not contrary to, or an unreasonable application of, United States Supreme Court precedent. Accordingly, the Amended Petition will be denied, and this case dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 22) is DENIED and DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner

**MEMORANDUM DECISION AND ORDER - 9**

files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 8, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 10**